Woodruff, J.
I am not able to concur in the conclusion, that the policy in this case was valid if the jury found that at the time of obtaining the last renewal the plaintiff made a full and fair communication to the defendant of the facts increasing the risk, notwithstanding the communication was not in writing.
The twelfth condition annexed to the policy of insurance was a reasonable condition, and one to which both parties to the *190 insurance must be deemed to have agreed, as a part of the express contract.
It was designed to protect the defendants against liability upon renewals after a change in the risk, unless they had clear information of such change, and the particulars thereof, in such a form as amounted to a warranty of the then actual condition of the insured premises.
It was a voluntary agreement of the parties also in relation to the nature of the evidence which alone should be competent to show that the application of the plaintiff for insurance was altered when he sought a renewal.
The defendants had insured the plaintiff, upon his written ap plication representing the condition of the premises, and it was a wise and reasonable precaution, to stipulate that any renewal, of that policy should be considered as made upon the same representation, unless varied by anew representation in iwiting ; and this being assented to, the plaintiff knew when he accepted the renewal, that according to the express terms of the contract, such renewal was to be deemed and construed as an insurance made upon his written representations made when the policy was first issued.
Unless this be so, the requirement that such new representation should, in order to vary the rights of the parties be in writing, was' wholly useless and nugatory. Ko case can be stated in which, if an oral communication is equally effective, this stipulation could have any operation, and for the obvious reason-that the assured may wholly disregard it, and nevertheless recover.
It was surely competent for the parties to agree by what means alone the representation first made should be altered. Had the condition read in terms, that no merely verbal communication made to the Secretary of the Company shall have that effect, it could not, I think, be claimed that the Company had not a perfect right so to define and limit the power of their officer to act, and yet the doctrine contended for binds the corporation in the face of. their express refusal to be bound.
These conditions are not technical merely. The Company may very properly be taken to have had in view, just what has happened in this case, viz.: a conflict of evidence upon the very question, whether when this renewal was made, the assured rep *191 resented to them that the risk had been changed by the introduction of the bakery, oven, &c.
•Their Secretary testified positively that no such representation was made to him, and that he did not know of the existence of the bakery, nor of an oven, nor of machinery, on the premises.
Hot only so, both parties were interested to guard against the uncertainty of human life and memory, and. the danger of relying upon means of proof seldom very accurate, often and. easily rendered unavailable. The assured himself had protection in this condition as well as the Company.
The mutuality of benefit to the parties in confining them both to the terms of the stipulation will be apparent, if we suppose that the defendants were here claiming that at the time of the renewal, the assured made to their Secretary an oral representation amounting to a warranty in some particular not mentioned in his original written representation, and also claiming that such warranty was broken; the plaintiff would himself then appreciate the- -benefit of a stipulation forbidding any such proof, that his original representation had- been altered or changed.
There is nothing in this case to warrant, a charge of fraud on the part of the defendants; it stands upon the single question: When the parties have expressly agreed that any renewal of the policy shall be deemed made in reliance upon the original written representations unless a new representation is made by the assured in writing, will an oral representation have the effect to create the exception?
It is not denied that if the renewal is to be deemed made upon the original representations, the policy is void. I think the agreement of the parties is binding upon both of them, and that the Court is bound to" give it effect.
The case of Ames v. The New York Mutual Insurance Company, (4 Kern. R., 253,) does not appear to me to conflict with this view of the subject. There no representation whatever in writing was made by the assured. What the defendants relied upon as a representation was a mere memorandum made by their own agent. The agent was fully apprised of all the facts. There was nothing in the conditions of the insurance that directly or impliedly imported that no policy issued by the officers of the *192 Company should be valid or binding, unless based upon a written application by the assured.
If the Company chose to insure without any application whatever, containing the particulars, which, if an application was made, must be inserted therein, they might well be held bound. But, if’in fact, an application was made, a stipulation that such application should be deemed a continuing representation, unaffected by merely verbal statements to one of the officers of the Company, may yet be binding upon both parties. •
In the case cited no application was made by the assured. The agent of the Company had actual knowledge of the incumbrances on the property. The policy itself contained express mention of the other insurances on the same property.
. It is impossible to say in that case, that the assured had violated any condition upon which the insurance was made. Some of the language of the opinion may seem to sustain the plaintiff’s claim in this action, but the case itself is not inconsistent with the views above expressed.
I think, therefore, that for this reason, as well as for the reason that testimony was received to oral representations made at the time of renewing the policy, to alter and enlarge the operation of the permission then given to open a communication with the adjoining store, the judgment should be reversed and a new trial ordered, costs to abide the event.
Judgment reversed and a new trial ordered.